UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
QUALITY ONE WIRELESS, LLC, as       )
assignee of PERSONAL                )
COMMUNICATIONS DEVICES, LLC,        )
                                    )    Civil No.
        Plaintiff,                  )    13-13263-FDS
                                    )
        v.                          )
                                    )
THE GOLDIE GROUP, LLC,              )
                                    )
        Defendant.                  )
_____ )

# MEMORANDUM AND ORDER ON
# MOTION TO DISMISS

**SAYLOR, J.**

This is a contract dispute concerning the sale of cellular telephones, accessories, and parts. Jurisdiction is based on diversity of citizenship. Personal Communications Devices, LLC ("PCD"), sold the goods to Goldie Group, LLC. On February 20, 2013, PCD filed suit in state court, contending that Goldie Group owed it more than $2 million. Goldie Group asserted a counterclaim, and the case proceeded into discovery. However, on August 19, 2013, PCD filed for bankruptcy and the state court proceeding was stayed. Quality One Wireless, LCC ("Q1W"), purchased PCD's assets through the bankruptcy court and filed suit against Goldie Group in this Court of the same claim.

Goldie Group has moved to dismiss the complaint, contending that this Court should abstain from exercising jurisdiction under the first-filed doctrine, the prior-pending-action doctrine, or the *Colorado River* abstention doctrine, and because Q1W failed to join an indispensable party, PCD. Q1W, in turn, requests the motion be struck and seeks costs and fees. For the reasons set forth below, the motion to dismiss will be granted, plaintiff's requests will be

denied, and the case will be stayed.

I.      **Background**

Unless otherwise noted, the facts are presented as stated in the complaint.

Q1W is a Nevada limited liability company. Goldie Group is a Massachusetts limited liability company. PCD is, or was, a New York limited liability company.

From 1996 to 2013, PCD sold and delivered cellular phones, accessories, and parts to Goldie Group. According to the complaint, Goldie Group owes an outstanding balance to PCD of $2,134,384.88.

On February 20, 2013, PCD filed suit against Goldie Group in Massachusetts state court. (Scannell Aff., Ex. B). Goldie Group answered and asserted a counterclaim, contending that PCD had breached agreements to provide price protection by selling similar phones at lower prices, to give Goldie Group a right of first refusal before selling similar phones to others, and to provide product support. (*Id.*). The case proceeded into discovery. (Garabedian Aff., Ex. A).

On August 19, 2013, PCD filed a petition under Chapter 11 of the Bankruptcy Code. On October 17, 2013, the Bankruptcy Court approved a sale of PCD's assets to Q1W pursuant to 11 U.S.C. § 363, and all right, title, and interest in the alleged debt was assigned to Q1W.

On November 20, 2013, PCD filed a motion to substitute Q1W as plaintiff in the state court action under Mass. R. Civ. P. 25(c). The motion was supported by an affidavit of Q1W, which stated that it was the holder of the alleged debt and that it must be substituted in order to proceed with collection. (Scannell Aff., Ex. D).[1] Goldie Group filed a limited opposition; it requested that PCD remain in the action so that it could pursue its counterclaims, contending that

---

[1] Defendant asserts that Q1W joined with PCD in filing the motion. (Def. Mem. at 6 n.5). The motion itself, however, indicates that PCD was the only moving party. (*See* Scannell Aff., Ex. D).

its alleged damages are greater than the alleged $2 million debt, and to facilitate discovery. (Scannell Aff., Ex. E). On December 11, 2013, the state court denied the motion to substitute, but stated that Q1W "may be added as a plaintiff." (Scannell Aff., Ex. F). However, according to the state-court docket, Q1W was not added as a party to the action. (Garabedian Aff., Ex. A).[2]

Instead of seeking to join the state court action, Q1W simply decided to file a new action seeking to collect on the same debt. On December 23, 2013, Q1W filed a complaint in this Court.[3] Goldie Group moved to dismiss the complaint on the grounds that the existence of the pending state-court action requires stay or dismissal and that Q1W failed to join an indispensable party (PCD) under Fed. R. Civ. P. 19. Q1W opposed the motion to dismiss, and moved to strike the motion and requested fees and costs under Fed. R. Civ. P. 11.

---

[2] The parties nonetheless disagree as to whether Q1W is a party to the state court action. According to the available evidence, it is not.

Mass. R. Civ. P. 25(c) provides that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." The state court's order reads: "Motion (P#13) DENIED as to the requested substitution; however, Quality One Wireless, LLC may be added as a plaintiff[.] Personal Communications Devices, LLC must remain as a party, at least at this point in the proceedings." (Scannell Aff., Ex. F).

Clearly, the state court denied PCD's motion to substitute Q1W as plaintiff. Although the court had the power under Mass. R. Civ. P. 25 to join Q1W with the original party (PCD), it did not order or direct that Q1W be added. Instead, the language the court used was permissive, providing that Q1W "may be added." No lawyer for Q1W has entered an appearance on the company's behalf and the state court docket does not list it as a party. Accordingly, Q1W is not currently a party to the state-court action.

[3] On December 24, 2013, PCD filed a suggestion of bankruptcy in state court, and the state-court litigation was stayed. (Scannell Aff., Exs. G, H).

## II. Analysis

Defendant sets forth three grounds for dismissal of this action: the first-filed doctrine, the prior-pending-action doctrine, and the *Colorado River* abstention doctrine.

As a general matter, federal courts have an "unflagging obligation" to exercise their jurisdiction. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "Abstention from the exercise of federal jurisdiction is the narrow exception, not the rule." *Id.* at 813. However, in limited circumstances and as a matter of discretion, a court may dismiss, stay, or transfer an action over which it has jurisdiction.

### A. First-Filed Doctrine

The "first-filed doctrine," or "first-filed rule," generally gives a presumption of precedence to the first of two duplicative actions proceeding in different federal courts. *Cianbro Corp. v. Curran–Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir.1987). The party that files second "must bear the burden of proving . . . that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 719 (1st Cir.1996).

Some courts have extended the first-filed doctrine to situations where one case is in state court and the other in federal court. *See, e.g.*, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1173-74 (11th Cir. 1982). The principles underlying that extension are concerns about federalism and allowing "end runs" around removal jurisdiction, as well as concerns about wasted resources and inconsistent judgments. However, within the First Circuit, the rule typically has been applied to the choice of venue between two federal courts. *See Feinstein v. Brown*, 304 F. Supp. 2d 279, 282 (D.R.I. 2004). It does not appear that any court in

this district has applied the doctrine where one of the cases is in state court.

In any event, strictly construed, the rule does not apply to present circumstances. The first-filed doctrine is used when Party A sues Party B in one court, and Party B (often soon thereafter) sues Party A in a different court, and the issues in each action are the same. Each party thus is a plaintiff in one action and a defendant in the other. Here, PCD sued Goldie Group concerning the debt, then sold the debt to Q1W, who sued the Goldie Group in a different court. Goldie Group is the defendant in both actions, not the plaintiff.

In sum, while the motivations underlying the first-filed doctrine may buttress the argument for declining to exercise jurisdiction here, the doctrine itself does not offer an independent ground for stay or dismissal of this action.

**B.** **Prior-Pending-Action Doctrine**

Under the prior-pending-action doctrine, "the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit." *O'Reilly v. Curtis Pub. Co.*, 31 F.Supp. 364, 364-65 (D. Mass. 1940). As a general rule, the suit filed first should have priority "absent the showing of balance of convenience in favor of the second action." *Adam v. Jacobs*, 950 F.2d 89, 93-94 (2d Cir. 1991) (internal quotation marks and citation omitted). The doctrine arises out of concerns about judicial efficiency and avoiding inconsistent judgments. *Curcio v. Hartford Fin. Servs. Grp.*, 472 F. Supp. 2d 239, 243 (D. Conn. 2007).

Generally, a court may stay or dismiss a later-filed action under the doctrine if two conditions are met: (1) there exists an identity of issues between the two actions and (2) the

5

controlling issues in the later-filed action will be determined in the earlier-filed action. 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1360, at 89 (3d ed. 2004). The parties in the two suits need not be identical; they need only share sufficient congruence of interests. *See Whitten Ranch, Inc. v. Premier Alfalfa, Inc.*, 2009 WL 1844482, at *2 (D. Neb. June 18, 2009) (finding "congruent, if not identical" interests of individual and company owned by him satisfied doctrinal requirement); *Andy Stroud, Inc. v. Brown*, 2009 WL 539863, at *10 (S.D.N.Y. Mar. 4, 2009) (finding sufficient commonality between individual and two companies wholly owned by him); *see also Samuels Grp., Inc. v. Hatch Grading & Contracting, Inc.*, 697 F. Supp. 2d 1042, 1049 (N.D. Iowa 2010) (collecting cases). Moreover, "[w]hen it is possible that, through amendment, each action may contain all of the issues and parties presently contained in either action, the continuation of the first action to be filed is favored." *Holliday v. City of Newington*, 2004 WL 717160, at *1 (D. Conn. Mar. 19, 2004) (citing *Hammett v. Warner Bros. Pictures*, 176 F.2d 145, 150 (2d Cir. 1949)).

Here, the federal and state actions are sufficiently analogous for purposes of the doctrine. The parties are not literally identical, but as the assignee of PCD, Q1W has succeeded to its interest in the debt and stepped into its shoes. Their interests therefore are entirely congruent. That fact is further evidenced by their sharing of the same counsel. *See Samuels Grp.*, 697 F. Supp. 2d at 1051 (finding relatedness of interests "highlighted by the fact that they are represented in the State Proceedings by the same counsel" as in the federal proceedings); *Whitten Ranch*, 2009 WL 1844482, at *2 (same). And while the state court did not order Q1W to join the state action, in substance, it granted it leave to do so. Furthermore, the state and federal complaints allege the same causes of action, arise out of the same transactions, and seek the

same relief. And resolution of the two cases will involve the same evidence.

Even though the doctrine therefore applies, it is not mandatory that this Court defer to the state-court action. The prior-pending-action doctrine derives from a court's inherent power to control its docket. *Ellison Framing, Inc. v. Zurich Am. Ins. Co.*, 805 F. Supp. 2d 1006, 1012 (E.D. Cal. 2011) ("The court's authority to hear 'motions to stay and motions to dismiss because another action is pending' lies in the 'inherent power of a court to regulate actions pending before it.'" (quoting Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1360 (3d ed. & Supp. 2010))); *Universal Gypsum of Georgia, Inc. v. Am. Cyanamid Co.*, 390 F. Supp. 824, 825 (S.D.N.Y. 1975); *cf. Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). Thus, whether to apply the doctrine in a particular instance is a matter for the court's discretion. *See Highway Ins. Underwriters v. Nichols*, 85 F. Supp. 527, 529-30 (E.D. Okl. 1949). It does not appear that any court within this district has applied the doctrine to stay or dismiss a case. *See Bank of Am., N.A. v. Trustees of 52 Fenway Condo. Trust*, 2013 WL 1124680, at *2 (D. Mass. Mar. 19, 2013) (Zobel, J.) (citing *Biolitec, Inc. v. AngioDynamics, Inc.*, 581 F.Supp.2d 152, 156 (D. Mass. 2008)). However, the doctrine has been widely used in other districts. *See, e.g.*, *Samuels Grp.*, 697 F. Supp. 2d at 1057; *Curcio v. Hartford Fin. Servs. Grp.*, 472 F. Supp. 2d 239, 243-44 (D. Conn. 2007); *Colortyme Fin. Servs., Inc. v. Kivalina Corp.*, 940 F. Supp. 269, 272 (D. Haw. 1996); *CBS, Inc. v. Tee Vee Records, Inc.*, 96 F.R.D. 163, 164 (S.D.N.Y. 1982); *Frigorifico Caparra, Inc. v. J.*

7

*Fleishman & Co., Inc.*, 58 F.R.D. 199 (D.P.R. 1972).[4]

To determine whether dismissal in favor of a prior pending action is appropriate, courts have considered a variety of factors. Many courts have looked to the case of *Universal Gypsum of Georgia, Inc. v. American Cyanamid Co.*, which listed as criteria:

> (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of parties, counsel and witnesses; and (7) possibility of prejudice to a party as a result of the stay [or dismissal].

390 F.Supp. at 827. *See, e.g.*, *CBS, Inc.*, 96 F.R.D. at 165 (citing *Universal Gypsum*); *Modern Gas Sales v. Potlatch Corp.*, 1985 WL 17373, at *1 (M.D. Pa. Nov. 1, 1985) (same). Others have looked to the overlap of evidence, the risk of inconsistent judgment, principles of federalism, whether all parties can be joined in a single action, conservation of judicial resources, and the original plaintiff's choice of forum. *See Curcio*, 472 F. Supp. 2d at 243-44; *Bezerra v. Cnty. of Nassau*, 846 F. Supp. 214, 220-21 (E.D.N.Y. 1994); *Highway Ins. Underwriters*, 85 F. Supp. at 529; *Andy Stroud*, 2009 WL 539863, at *11 ("[T]he plaintiff's choice of the forum is given substantial weight and will not be disturbed unless the balance of factors weighs strongly in favor of another forum. However, in the prior pending action inquiry,

---

[4] There are inconsistencies among the different districts as to the exact contours of the doctrine. For example, the District of Connecticut appears to apply it only where both actions have been filed in federal court, whereas most other districts find that it properly applies in cases of pending state-court actions as well. *Compare Cupe v. Lantz*, 470 F. Supp. 2d 128, 132 (D. Conn. 2007) ("This doctrine is applicable where there are two identical or similar actions contemporaneously pending in two *federal* courts . . . ." (emphasis in original)); *Vega v. Rell*, 3:09-CV-737 VLB, 2011 WL 2471295, at *12 (D. Conn. June 21, 2011); *and Damato v. Murphy*, 2008 WL 4534265, at *1 (D. Conn. Oct. 6, 2008) *with CBS, Inc.*, 96 F.R.D. 163; *Jones v. Am. Guild of Variety Artists*, 199 F. Supp. 840, 841 (E.D. Pa. 1961) ("While we agree with the plaintiffs' proposition that the law permits a suit in the Federal Court to proceed to a judgment concurrently with a suit in the State Courts involving the same parties and subject matter, we note that a Federal judge presented with such a suit has the discretion to either stay or dismiss the Federal proceedings (without prejudice) pending the outcome of the State suit."); *Anzalone v. Gribble*, 2010 WL 1780147 (M.D. Tenn. Apr. 30, 2010); *Modern Gas Sales v. Potlatch Corp.*, 1985 WL 17373 (M.D. Pa. Nov. 1, 1985). Also, at least one court has equated the prior-pending-action doctrine with the first-filed doctrine. *See Colortyme Fin. Servs.*, 940 F. Supp. at 272 (D. Haw. 1996).

the plaintiff whose choice of forum is relevant is the original plaintiff—i.e., the plaintiff in the first-filed action." (internal citation omitted)).[5]

The large majority of those factors favor, if not strongly favor, stay or dismissal in this case. The original plaintiff, PCD, chose Massachusetts state court as the appropriate forum. It is far from unreasonable to hold PCD's successor, Q1W, to that choice, particularly given that Q1W was or reasonably should have been aware of the action when it purchased PCD's assets in bankruptcy. And Q1W has been granted leave to join the state court action as a plaintiff. Maintaining two parallel actions between nearly identical parties on the same issues would be a waste of judicial resources. And because the state court also has jurisdiction over defendant's counterclaims, hearing the claims and counterclaims together would best promote judicial efficiency. Furthermore, the state court can offer equal and adequate relief to the parties. Principles of comity and federalism also suggest that deference to the state court, which first gained jurisdiction over the dispute. While a federal court is capable of deciding the garden-variety questions of state law at issue here, the absence of complex issues of federal law suggests that a state court serves as an equally adequate forum for resolving the present dispute. Moreover, it is always a possibility that the two courts would come to different decisions, and that risk of inconsistent judgments further supports stay or dismissal. Finally , it does not appear that any prejudice to plaintiff would result. Among other things, there is no reason to question the partiality of the state court, and indeed the original plaintiff, PCD, chose as an out-of-state company to employ the Massachusetts state court system to assert its rights against a

---

[5] Furthermore, other courts have applied the factors set forth in *Colorado River* to the inquiry. *See, e.g.*, *Samuels Grp.*, 697 F. Supp. 2d at 1047; *Bezerra*, 846 F. Supp. at 221; *Whitten Ranch, Inc.*, 2009 WL 1844482, at *10. As discussed below, and to the extent that they are appropriately considered here, those factors counsel in favor of stay or dismissal.

Massachusetts company. *See Gentry v. Hibernia Bank*, 152 F. Supp. 469, 471 (N.D. Cal. 1957).

In sum, the pending state-court action renders adjudication of this action a "truly duplicative proceeding." *Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980). The Court will therefore apply the prior-pending-action doctrine, and permit the issue to be resolved in the state court that first obtained jurisdiction over the dispute.

The question then is whether the case should be stayed or dismissed. Generally, "a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n.2 (1995). *See Samuels Grp.*, 697 F. Supp. 2d at 1057 ("A stay is preferred to dismissal in cases where there is a possibility that the parties will return to federal court." (internal quotation marks and citation omitted)); *Whitten Ranch, Inc.*, 2009 WL 1844482, at *4. On the other hand, the appropriate course of action is within the sound discretion of the court, and many courts have decided to dismiss actions without prejudice. *See, e.g.*, *Lexico Enterprises, Inc. v. Cumberland Farms, Inc.*, 686 F. Supp. 2d 221, 222 (E.D.N.Y. 2010); *Andy Stroud*, 2009 WL 539863, at *12.

Under present circumstances, although the complaints present nearly identical facts and issues and the state court's decision likely will determine all issues presented to this Court, a stay of this action appears the most prudent course of action, in order to ensure that plaintiff will have a forum in which to litigate. Accordingly, the case will be stayed.

### C. *Colorado River* **Abstention Doctrine**

Although the prior-pending-action doctrine supports a stay in this case, and the Court therefore need not consider whether the *Colorado River* doctrine is applicable, analysis under

that framework is instructive. As noted, several courts have applied the factors set forth in *Colorado River* to the inquiry under the prior-pending-action doctrine. *See, e.g.*, *Samuels Grp.*, 697 F. Supp. 2d at 1047.

Under the so-called *Colorado River* abstention doctrine, a district court may dismiss a case in which federal and state court proceedings overlap and "wise judicial administration" counsels for abstention. 424 U.S. at 818. "[T]he presence of parallel litigation in state court will not in and of itself merit abstention in federal court." *Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 27 (1st Cir. 2010) (*citing McClellan v. Carland*, 217 U.S. 268, 282 (1910)). Instead, exceptional circumstances must exist. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983). A non-exhaustive list of factors for courts to consider includes:

> (1) whether either court has assumed jurisdiction over a *res*; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

*Rio Grande Cmty. Health Ctr. v. Rullan*, 397 F.3d 56, 71-72 (1st Cir. 2005). Ultimately, "the decision whether to dismiss [or stay] a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses Cone*, 460 U.S. at 16.

As a threshold matter, and as previously discussed, the federal and state actions here are parallel in form and substance. There therefore exists a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (internal quotation marks and citation omitted).

As for the factors identified in *Rio Grande*, some are neutral: there is no *res* at issue (factor one); the courts are equally convenient (factor two); and the state forum can adequately protect the parties' interests (factor six). Factor five also appears neutral overall. *See Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 15 (1st Cir. 1990) (finding presence of state law issues "weighs in favor of surrender only in 'rare circumstances' . . . when a case presents complex questions of state law that would best be resolved by a state court"). The main issues are basic matters of state contract law. Plaintiff suggests that this Court may be better equipped to address any issues that may arise from PCD's bankruptcy, but that is far from clear, and plaintiff has not identified any issue that would require in-depth treatment of bankruptcy law.

The remaining factors weigh in favor of abstention. The avoidance of piecemeal litigation (factor three) must implicate more than "just the repetitive adjudication that takes place in all cases implicating [the] *Colorado River* doctrine." *Jimenez v. Rodriguez-Pagan*, 597 F.3d at 29. "Rather, concerns about piecemeal litigation should focus on the implications and practical effects of litigating suits deriving from the same transaction in two separate fora, and weigh in favor of dismissal only if there is some exceptional basis for dismissing one action in favor of the other." *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 10-11 (1st Cir. 2003) (internal quotation marks and citations omitted). Here, there is no federal policy that favors unified proceedings, as in *Colorado River*, nor are there underlying unresolved issues of state law, a case already on appeal, or a "real possibility" that an insurance policy might be interpreted differently in each forum. *Jimenez*, 597 F.3d at 29 (citing cases). But this Court and the state court have been asked to decide precisely the same issues, the state court also has

jurisdiction over defendant's counterclaim, and there is a clear risk of inconsistent judgments.

The fourth factor, the order in which the courts obtained jurisdiction, weighs in favor of abstention. In addition to the order of filing, the relative advancement of the cases matters. *Gonzalez v. Cruz*, 926 F.2d 1, 4 (1st Cir.1991). PCD filed its complaint in state court in February 2013, ten months before Q1W filed its complaint here. The state parties conducted substantial discovery by the time PCD filed a suggestion of bankruptcy, which then effectively stopped any further progress. In contrast, the Court has not even held a scheduling conference in the federal case.

Consideration of the principles underlying removal jurisdiction (factor eight) further supports abstention. The case is not so clear as *Pasquantonio v. Poley*, 834 F. Supp. 2d 33 (D. Mass. 2011), in which the plaintiff filed a complaint in state court and eight months later, "apparently displeased with the pace and the perceived stagnation of the case," filed a "substantially identical complaint" in federal court. *Pasquantonio*, 834 F. Supp. 2d at 35, 37. But it is close. PCD sued defendant in state court over the debt. Plaintiff then purchased PCD's assets, including its interest in that litigation, and was granted leave to join the state action as the assignee. Instead, it chose to file a duplicative complaint in federal court that was identical in all significant respects. Its predecessor-in-interest chose the state court as its forum and it is far from unreasonable to hold plaintiff to that choice. Moreover, plaintiff's conduct implicates the seventh factor of vexatious and contrived litigation. *See id.* at 36.

Abstention under the *Colorado River* doctrine should be used to dismiss cases only in extraordinary cases, and the Court expressly declines to reach the issue here. However, the principles of "wise judicial administration" described in *Colorado River*, as applicable to this matter, are consistent with the Court's determination that the case should be stayed.

13

**III.     Conclusion**

For the foregoing reasons, the motion to dismiss is GRANTED, and the case is STAYED.  Any party may move to lift or modify the stay at any time for good cause shown.  Plaintiff Quality One Wireless, LLC, is ordered to notify the Court promptly should the dispute be resolved or settled, and otherwise shall file a written report with the Court on or before January 11, 2015, and every six months thereafter, as to the status of the state-court action.  Failure to do so may result in dismissal of this action.  Plaintiff's request that the motion to dismiss be struck and for fees and costs under Fed. R. Civ. P. 11 is DENIED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated:  July 11, 2014 | United States District Judge |